IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LANCE SLIZEWSKI,

                      Petitioner,                      OPINION & ORDER

    v.

                                                14-cr-87-jdp

UNITED STATES OF AMERICA,               17-cv-420-jdp

                      Respondent.

---

Pro se petitioner Lance Slizewski is a federal prisoner incarcerated at the Pekin Federal Correctional Institution in Illinois. In 2015, he pleaded guilty to one count of felon in possession of a firearm, and I sentenced him to 180 months in prison. *United States v. Slizewski*, No. 14-cr-87, Dkt. 49 (W.D. Wis. June 25, 2015).

Slizewski has filed a motion for postconviction relief under 28 U.S.C. § 2255, arguing that, under *Mathis v. United States*, 136 S. Ct. 2243 (2016), he no longer meets the definition of "armed career criminal," which resulted in a mandatory minimum sentence. Dkt. 1. After reviewing his motion under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, I conclude that although the *Mathis* line of cases affects the analysis of Sliziewski's criminal history, he still meets the definition of armed career criminal.

BACKGOUND

In April 2015, Slizewski pleaded guilty to one count of felon in possession of a firearm under 18 U.S.C. § 922(g)(1). I sentenced him in June 2015.

I concluded that Slizewski was subject to a mandatory minimum of 15-year sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because he had at least

three predicate convictions. At the time, I concluded that he had five: "(1) Burglary - Building or Dwelling, Attempt, Vilas County Circuit Court, Case No. 02CF55; (2) Battery, Habitual Criminality, Vilas County Case No. 02CF116; (3) Battery by Prisoners, Dane County Circuit Court, Case No. 06CF2452; (4) Substantial Battery-Intend Bodily Harm, Dane County Circuit Court, Case No. 08CF1980; and (5) Strangulation and Suffocation, Dane County Circuit Court, Case No. 10CF348." *Slizewski*, No. 14-cr-87, Dkt. 47, at 4.

ANALYSIS

To prevail, Slizewski must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Here, Slizewski relies on *Mathis*, 136 S.Ct. 2243. But even after *Mathis*, Slizewski still has at least three qualifying convictions under § 924(e).

Under the ACCA, a criminal defendant is an armed career criminal if he has at least three previous convictions that qualify as predicate offenses. § 924(e)(1). Either a "violent felony" or a "serious drug offense" can qualify as a predicate offense. *Id*. Slizewski's case turns on whether he had at least three violent felonies. The ACCA defines the term "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

§ 924(e)(2)(B). Both subsections are relevant here because Slizewski had burglary and battery convictions. The residual clause, which would include crimes that pose "a serious potential risk of physical injury to another," does not apply because it has been held unconstitutional. *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015). The residual clause was never at issue in Slizewski's case.

The next task is to determine whether Slizewski prior offenses qualify as predicate offenses under the ACCA. Under *Taylor v. United States*, and its successors, *Descamps v. United States* and *Mathis*, a district court must first apply the categorical approach when enhancing sentences under § 924(e) and compare elements of each prior offense with elements of a generic offense. 495 U.S. 575, 602 (1990); 133 S.Ct. 2276, 2281 (2013); 136 S.Ct. at 2248. The elements of the offenses govern, and district judges disregard the actual facts of the underlying offense conduct. *Yates v. United States*, 842 F.3d 1051, 1052 (7th Cir. 2016).

This rule has one exception, which *Mathis* clarified. When the relevant statute has a "more complicated (sometimes called 'divisible') structure," listing "multiple elements disjunctively," the court may apply the modified categorical approach and examine "a limited class of documents . . . to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S. Ct. at 2249. But when the statute lists multiple "means" to satisfy just one element—as opposed to listing alternative elements of the crime—the court cannot apply the modified categorical approach. *Id*. at 2253.

One of Slizewski's predicate offenses is affected by the *Mathis* analysis. A conviction under Wisconsin's burglary statute, now codified as Wis. Stat. § 943.10(1m), is not "divisible,"

3

and it covers conduct that would not fall within the scope of generic burglary. Thus, it is not a qualifying predicate offense under the career offender guidelines. *United States v. Edwards*, 836 F.3d 831, 838 (7th Cir. 2016). The analysis in *Edwards* also means that a conviction under Wisconsin's burglary statute cannot be a predicate offense under the ACCA. So Slizewski's conviction in Case. No. 02CF55 for attempted burglary is not a predicate offense either. This issue was not contested at Slizewski's sentencing, probably because he has four other convictions for violent felonies, and § 924(e) requires only three prior convictions.

For present purposes I will discuss these three:

1. October 11, 2002 battery conviction under Wis. Stat. § 940.19(1), Vilas County Circuit Court Case No. 02CF116;

2. February 13, 2007 battery by prisoner conviction under § 940.20(1), Dane County Circuit Court, Case No. 06CF1185; and

3. January 26, 2009 substantial battery conviction under § 940.19(2), Dane County Circuit Court, Case No. 08CF1980.

*Slizewski*, No. 14-cr-87, Dkt. 43, at 9-13 and Dkt. 47, at 4. Under Wisconsin law, each of these three offenses includes the element intentionally causing bodily harm:

1. **Battery under § 940.19(1)**: Whoever causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed is guilty of a Class A misdemeanor.

2. **Battery by prisoners under § 940.20(1)**: Any prisoner confined to a state prison or other state, county or municipal detention facility who intentionally causes bodily harm to an officer, employee, visitor or another inmate of such prison or institution, without his or her consent, is guilty of a Class H felony.

3. **Substantial battery under § 940.19(2):** Whoever causes substantial bodily harm to another by an act done with

4


intent to cause bodily harm to that person or another is
guilty of a Class I felony.

§§ 940.19(1)(2), 940.20(1).[1] The term "bodily harm" is defined under § 939.22(4) as "physical pain or injury, illness, or any impairment of physical condition." The Seventh Circuit has held that intentionally causing "bodily harm" under § 939.22(4) qualifies as "the use, attempted use, or threatened use of physical force against the person of another" under § 924(e)(2)(B)(i). *Yates*, 842 F.3d at 1053 ("That definition tracks what *Curtis Johnson* said would suffice: 'force capable of causing physical pain or injury to another person.'" (quoting *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010))). So Slizewski has at least three qualifying convictions, and even after *Mathis* he meets the criteria for an armed career criminal under § 924(e).

Slizewski argues that "[a] conviction is not a violent crime merely because it presents a 'serious potential risk of physical injury.'" Dkt. 1, at 4. I take Slizewski to be invoking *Samuel Johnson*, where the Supreme Court held the residual clause of § 924(e) unconstitutional. 135 S. Ct. 2551. But I did not use the residual clause of § 924(e) to determine any of Slizewski's predicate offenses, so *Samuel Johnson* does not apply here. *See Yates*, 842 F.3d at 1052 ("*Samuel Johnson* does not affect the elements clause of § 924(e)."). The three convictions I discuss here all required an actual intent to cause bodily harm.

In sum, Slizewski cannot prevail because he has at least three predicate convictions, even after *Mathis*. I will deny his motion.

Under Rule 11 of the Rules Governing Section 2255 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to Slizewski. I will not issue a

---

[1] The crime of battery by prisoner now has "intentionally caus[ing] bodily harm *or a soft tissue injury*" as an element, § 940.20(1), but when Slizewski committed the crime for which he was convicted in February 2007, the statutory text did not include the soft tissue injury part.


5

certificate of appealability unless Slizewski makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask Slizewski to submit a brief on appealability, it is not necessary to do so in this case. No reasonable jurist would debate this decision, so I will not issue Slizewski a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Lance Slizewski's motion for postconviction relief under 28 U.S.C. § 2255, Dkt. 1, is DENIED. The clerk of court is directed to enter judgment in favor of respondent and close the case.

2. Petitioner is DENIED a certificate of appealability. If petitioner wishes, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered August 24, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge